UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 09-391 |
| FELTON WEST | SECTION "R" |

## ORDER AND REASONS

Before the Court is Defendant Felton West's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and his motion for appointment of counsel.[1] For the following reasons, the Court denies the motions.

## I. BACKGROUND

On August 10, 2011, West pleaded guilty to Count One of the 2nd Superseding Indictment, conspiracy to distribute and possess with intent to distribute 1 kilogram or more of a substance containing a detectable amount of heroin and 500 grams or more of a substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B), and § 846, and Count Six, possessing a firearm in

---

[1] R. Doc. 921.

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[2] West was sentenced to 180 months imprisonment, reflecting 120 months as to Count 1, and 60 months as to Count 6, to be served consecutively.[3] West now asks the Court to vacate, set aside, or correct his sentence.[4]

## II. DISCUSSION

West argues that his conviction under 18 U.S.C. § 924(c) is invalid after *Johnson v. United States*, 135 S. Ct. 2551 (2015).[5] The Supreme Court in *Johnson* held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. *Id.* at 2557. This clause defines a "violent felony" as, among other things, a felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." *See id.* at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)). But West was convicted of possessing a firearm in furtherance of a *drug trafficking crime,* not a "violent felony" or a "crime of violence." The Supreme Court's opinion in *Johnson* did not affect, or even

---

[2] R. Doc. 691.
[3] *Id.*
[4] R. Doc. 921.
[5] *Id.*; R. Doc. 925.

2

address, the "drug trafficking crime" definition in 18 U.S.C. § 924(c). West's claim is therefore meritless.[6]

West requests that the Court appoint counsel to assist him with his motion to vacate.[7] Prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). For the reasons stated above, West's motion to vacate lacks a legal basis and does not warrant appointment of counsel.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[6] The Government also argues that this post-conviction challenge is procedurally defaulted and barred by the appeal waiver in West's plea agreement. *See* R. Doc. 972. Because West's motion fails on the merits, the Court need not address these arguments.

[7] R. Doc. 921.

3

§ 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, West has not made a substantial showing of the denial of a constitutional right.

### III. CONCLUSION

For the foregoing reasons, West's motion for appointment of counsel is DENIED. Further, West's motion to vacate, set aside, or correct his sentence is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___11th___ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE